UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

S.USA LIFE INSURANCE COMPANY, INC.,

    Plaintiff;

v.

ALEXIS CUGINI,

    Defendant.

Case No. 7:18CV628

## COMPLAINT

Plaintiff S.USA Life Insurance Company, Inc. ("S.USA Life"), complains of Defendant Alexis Cugini ("Cugini") as follows:

### Nature of the Action

1. This is a breach-of-contract action arising from Cugini's failure to repay S.USA Life for commission chargebacks as required under the parties' General Agent Contract ("Contract"). (A true copy of the Contract with personal identifiers redacted is attached as Exhibit A.)

### Parties

2. S.USA Life is a corporation organized and existing under the laws of Arizona, with its statutory home office at 815 North 1st Avenue, Phoenix, Arizona 85003; and its principal executive office at 460 W. 34th Street, Suite 800, New York,

New York 10001.  S.USA Life is thus a citizen of Arizona and New York for jurisdictional purposes.

3. Cugini is a natural person who is domiciled at 11109 N.W. 39th St., Apt. 303, Sunrise, Florida 33351-7568.  She is thus a citizen of Florida for jurisdictional purposes.

### Jurisdiction and Venue

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because S.USA Life and Cugini are citizens of different States.

5. Under the Contract, Cugini agreed to submit herself to the jurisdiction of this Court.  This Court thus has personal jurisdiction over her.

6. Under the Contract, Cugini agreed to venue in this Court.  Venue is thus proper in this Court.

### Facts

7. S.USA Life is in the business of selling insurance policies.

8. Cugini is, or at all times relevant was, an independent insurance agent.

9. On or around November 6, 2017, S.USA Life and Cugini entered into the Contract.  Under the Contract, S.USA Life agreed to appoint Cugini to solicit applications for its insurance policies and to pay her commissions on the insurance policies she sold, subject to certain terms and conditions.

10. In accordance with the Contract, S.USA Life would pay Cugini a commission when an application for an insurance policy was received by the company.

This commission included an "advance" of a certain portion of the commission that would be coming due for the first year of the insurance policy.  But if the insurance policy was later rescinded, processed as "not taken," or terminated within the first year, then S.USA Life would assess Cugini with a commission chargeback for all or part of the commission it paid her on the insurance policy, including overpayment of any part of the commission that had been advanced.

11.    Under the Contract, if commission chargebacks assessed to Cugini were not offset by commissions due or to become due to her, then she agreed to repay the commission chargebacks to S.USA Life within 30 days of receiving written notice demanding repayment from the company.  And if Cugini did not repay the commission chargebacks within those 30 days, then she agreed to pay all costs of collection, including attorney's fees, as well as 12% interest on the total amount due to the company.

12.    On November 14, 2018, S.USA Life sent Cugini written notice terminating the Contract and demanding repayment of the commission chargebacks assessed to her within 30 days.  (A true copy of the written notice is attached as Exhibit B.)  More than 30 days have passed since S.USA Life sent that written notice, and Cugini has failed to repay the full amount of the commission chargebacks, as required under the Contract.

13.    As of the date of this Complaint, Cugini owes S.USA Life a total of $357,644.36 in commission chargebacks.

14.     Even though S.USA Life has terminated the Contract, Cugini's obligation to repay the commission chargebacks, together with all costs of collection and 12% interest on the total amount due, survives.

15.     The Contract is governed by and is to be construed in accordance with Virginia law.

### Count I – Breach of Contract

16.     S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–15.

17.     S.USA Life and Cugini mutually assented to the Contract, which is supported by adequate consideration.  The Contract is thus valid and enforceable under Virginia law.

18.     S.USA Life fully performed under the Contract by (among other things) timely paying Cugini all commissions she was owed for the insurance policies she sold for the company.

19.     But some of the insurance policies for which Cugini was paid commissions by S.USA Life were later rescinded, processed as "not taken," or terminated within the first year.  As a result, S.USA Life assessed Cugini with commission chargebacks for those policies.  Under the Contract, Cugini must repay those commission chargebacks within 30 days of receiving written notice demanding repayment from S.USA Life.

20.     On November 14, 2018, S.USA Life sent Cugini written notice demanding that she repay the commission chargebacks assessed to her, in accordance

with the Contract. More than 30 days have passed since S.USA Life sent that written notice, and Cugini has failed to repay the commission chargebacks, which as of the date of this Complaint total $357,644.36.

21. By failing to repay the commission chargebacks to S.USA Life, Cugini has breached the Contract.

22. As a result of Cugini's breach of the Contract, S.USA Life has sustained damages totaling at least $357,644.36.

## Count II – Unjust Enrichment

23. S.USA Life realleges and incorporates the allegations set forth above in paragraphs 1–15.

24. By paying Cugini commissions on insurance policies that were later rescinded, processed as "not taken," or terminated within the first year, S.USA Life conferred a benefit on her.

25. Cugini knew of the benefit and should have reasonably expected to pay S.USA Life for it.

26. Cugini accepted the benefit without paying for its value.

27. By accepting the benefit without paying for its value, Cugini has been unjustly enriched. That enrichment equals at least the value of the outstanding commission chargebacks—$357,644.36.

## Prayer for Relief

Based on the foregoing allegations, S.USA Life prays for judgment against Cugini as follows:

A. For money damages in the amount of at least $357,644.36, reflecting the total amount owed in commission chargebacks as of the date of judgment;

B. For pre- and post-judgment interest at 12%;

C. For attorney's fees and costs of this action; and

D. For such other and further relief as this Court may deem just and proper.

## Jury Demand

S.USA Life demands a trial by jury.

Dated: December 17, 2018

S.USA LIFE INSURANCE COMPANY, INC.

By: /s/Justin E. Simmons
    Of Counsel

J. Benjamin Rottenborn (VSB No. 84796)
Justin E. Simmons (VSB No. 77319)
WOODS ROGERS PLC
P.O. Box 14125
Roanoke, VA 24038-4125
Phone: (540) 983-7600
Fax: (540) 983-7711
brottenborn@woodsrogers.com
jsimmons@woodsrogers.com

*Counsel for Plaintiff S.USA Life Insurance Company, Inc.*